UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID MACDONALD,

        Plaintiff,

v.

UNITED PARCEL SERVICE,

        Defendant.
_____/

CASE NO. 07-12022

HON. MARIANNE O. BATTANI

**ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION**

Before the Court is Plaintiff's Motion for Reconsideration of the Court's Opinion and Order Granting Defendant's Motion for Summary Judgment. The Court awarded United Parcel Service (UPS) summary judgment on all of the claims brought by its former employee, Plaintiff David MacDonald. Plaintiff now asks the Court to reconsider its dismissal of Plaintiff's Michigan Whistleblowers Protection Act (WPA), his discrimination and retaliation claims under the Michigan Persons with Disabilities Civil Rights Act ("PWDCRA"), and his retaliation claim under the Elliott-Larsen Civil Rights Act ("ELCRA"), For the reasons that follow, Plaintiff's motion is **DENIED**.

Pursuant to Rule 7.1(g)(3) of the Local Rules for the Eastern District of Michigan, a motion "for rehearing or reconsideration that merely presents the same issues ruled upon by the court, either expressly or by reasonable implication," will not be granted. Czajkowski v. Tindall & Assoc., P.C., 967 F. Supp. 951, 952 (E.D. Mich. 1997). To that end, a party moving for reconsideration bears a heavy burden. Wrench LLC v. Taco Bell Corp., 36 F.Supp.2d 787, 789 (W.D. Mich.1998). In order to prevail, the movant must demonstrate: (1) the Court and the parties have been misled by a palpable defect, and (2) the correction

of that defect will result in a different disposition of the case. E.D. Mich. LR 7.1(g)(3). A "palpable defect" is an error which is obvious, clear, unmistakable, manifest or plain. Fleck v. Titan Tire Corp., 177 F. Supp.2d 605, 624 (E.D. Mich. 2001).

The Court finds that Plaintiff has failed to carry his burden of proving a palpable defect that warrants reconsideration. For the most part, in his pleading, MacDonald merely advances arguments considered by the Court in deciding the dispositive motion; however Plaintiff's argument as to whether the evidence supports a causal connection between MacDonald's protected activity and his termination under the WPA warrants discussion. Consequently, the Court directs its attention to the merits of MacDonald's argument that the Court erred in awarding summary judgment to Defendant because it "essentially ignored key evidence, including the testimony and documentary evidence that UPS was angry with Plaintiff for calling the police and singled him out for heightened scrutiny unlike any other UPS driver–surveilling him and installing a hidden camera in an attempt to catch him doing something" for which he could be terminated. Pl.'s Br. at 1.

As support for his conclusion that he has met the standard for reconsideration, Plaintiff relies on Hamilton v. Gen. Elec. Co., 556 F.3d 428, 435-436 (6th Cir. 2009). In Hamilton, the plaintiff sued his former employer, alleging that he was fired in violation of state civil rights law. According to the plaintiff, his supervisors "intensified their scrutiny of his work and harassed him more than they ever had before" after he had filed an age discrimination claim. Id. at 432. The appellate court reversed the lower court's award of summary judgment to the defendant, holding that "a reasonable fact-finder could determine that [the defendant] waited for, and ultimately contrived, a reason to terminate

[the plaintiff] to cloak its true, retaliatory motive for firing him." Id. at 437.

Similarly, UPS terminated MacDonald, after years of employment, within a month of protected activity. Moreover, UPS subjected MacDonald to surveillance after he contacted the police to report that a UPS manager stole his property. Plaintiff maintains that under Hamilton he has sustained his burden to show a causal connection between the two events. In his request for reconsideration, MacDonald asserts that because the Court concluded that the facts suggest UPS wanted documentation to fire Plaintiff, a logical inference that retaliation occurred likewise follows. The Court disagrees.

It is undisputed that UPS initiated surveillance on MacDonald within days of the police report. It is further undisputed that UPS typically instituted surveillance of an employee in cases of suspected theft from the company. These two facts, standing alone, support Plaintiff's claim. Moreover, both MacDonald and the plaintiff in Hamilton were subject to increased scrutiny of their job performance after engaging in protected activity. The similarities are not enough to deem the Court's decision "palpable error" because the circumstances in which surveillance was ordered distinguish the two. Specifically, the inference, upon which Plaintiff's claim turns, can be sustained only when these facts are viewed in isolation. A review of all the relevant facts distinguishes Hamilton, and neither the timing nor the atypical reason surveillance was initiated supports an inference of causal connection given the undisputed sequence of events.

First and foremost, Plaintiff has no evidence contrary to the assertion of Robert Pellicer, Corporate Security Manager, that UPS management contacted him in November 2006, before MacDonald's contact with police, and instructed him to initiate surveillance

on MacDonald. It is further undisputed that Pellicer assigned the task to Phil Siegel, who did not initiated the task until he returned from his vacation. Because the impetus and order of heightened supervision through surveillance occurred in advance of Plaintiff's contact with the police, his WPA claim fails as a matter of law, even after the Hamilton decision.

Although Plaintiff challenges the Court's observation that "[t]he logical inference flowing from the evidence in this record" supported Defendant's statement of why Plaintiff lost his job, the observation does not mandate a different outcome in this case. The summary judgment standard requires a court to draw reasonable inferences in the nomoving party's favor. There is no reasonable inference to be drawn in favor of Plaintiff in light of the undisputed facts. Defendant gave Plaintiff a notice of termination because he failed to learn the required safety rules. MacDonald resisted Defendant's efforts to assist him in learning the rules. There is no evidence that Plaintiff's report of theft to the police led to his job loss.

Although case law authorizes a plaintiff to establish a causal connection through circumstantial evidence such as temporal proximity, this is not a case where an employer retaliated against an employee when it learned of the employee's protected activity. Therefore, the Court finds Plaintiff 's motion fails to establish the Court erred in granting Defendant's motion for summary judgment. Accordingly, the Court **DENIES** Plaintiff's motion.

**IT IS SO ORDERED.**

                                                s/Marianne O. Battani
                                                MARIANNE O. BATTANI
                                                UNITED STATES DISTRICT JUDGE

Date:  December 11, 2009

## CERTIFICATE OF SERVICE

Copies of this Order were mailed and/or electronically filed to counsel of record on this date.

                                                s/Bernadette M. Thebolt
                                                Case Manager