**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

**DAVID MACDONALD,**

    Plaintiff,

vs.                                        **CASE NO. 07-12022**

**UNITED PARCEL SERVICE, INC.,**       **HON. MARIANNE O. BATTANI**

    Defendant.

---

| | |
|---|---|
| **DEBORAH L. GORDON, PLC** | **DYKEMA GOSSETT PLLC** |
| **Deborah L. Gordon (P27058)** | **F. Arthur Jones II (P70098)** |
| **Carol A. Laughbaum (P41711)** | **Bonnie Mayfield (P40275)** |
| Attorneys for Plaintiff | Attorneys for Defendant |
| 33 Bloomfield Hills Parkway, Suite 275 | 2723 South State Street, Suite 400 |
| Bloomfield Hills, Michigan 48304 | Ann Arbor, Michigan 48104 |
| 248 258 2500 / FAX 248-258-7881 | 734-214-7607/248-203-0851 |
| dgordon@deborahgordonlaw.com | fajones@dykema.com |

---

**PLAINTIFF'S REPLY BRIEF TO**
**PLAINTIFF'S MOTION FOR A STAY PENDING APPEAL**
**WITH RESPECT TO TAXATION OF COSTS**

      Plaintiff **David MacDonald** has appealed the dismissal of this retaliatory discharge and employment discrimination case to the 6th Circuit, and has moved this Court for an Order staying taxation proceedings until the conclusion of appellate proceedings.[1] Defendant United Parcel Service (UPS), a $49.7 billion corporation,[2] refused to agree to postpone taxation proceedings

---

[1]After Plaintiff filed his *Motion for a Stay Pending Appeal with Respect to Taxation of Costs* on 12/16/09, UPS filed "objections" and "corrected objections" to the $7,670.43 in costs taxed by the taxation clerk. As of this filing, those objections have not been ruled on.

[2]Source: ups.com

regarding the $7,670.43 in costs taxed against Mr. MacDonald (who is 59 years old and unemployed) necessitating this motion.³  The only possible explanation for UPS' unreasonable refusal to postpone taxation proceedings until the appellate process has concluded is a desire to punish Mr. McDonald for having sued them.⁴

The relief sought is contemplated by this Court's Bill of Costs Handbook (see FN 3), and authorized by Fed.R.Civ.P. 62(d) and/or case law. *See How v. City of Baxter Springs, Kansas, et al*, 2006 WL 1128667 (D.K. 2006) (*It is common for a losing party to request a district court to stay taxation of costs pending appeal, and it is clearly established that the taxing of costs, except as otherwise provided by statute, rests largely in the sound discretion of the trial court.... In its discretion, the Court may postpone the awarding of costs until the resolution of the post-trial motions or even the resolution of any appeal... Farmer v. Arabian Oil Co.*, 379 U.S. 227 (1964)). And, while Fed R Civ P 62(d) provides for a stay as a matter of right if an appellant posts a supersedeas bond ("*If an appeal is taken, the appellant may obtain a stay by supersedeas bond....*")  6th Circuit precedent makes clear that filing a bond is not the only way to obtain a stay, but that a trial court can issue a stay without bond as a matter of discretion, which will not be reversed absent an abuse of discretion. *Arban v.  West Publishing Company*, 345 F.3d 390 (6th Cir. 2003). *See also In re Combined Metals Reduction Co.*, 557 F.2d 179, 193 (9th Cir. 1977) (noting that a court in its discretion may grant a stay under Fed R. Civ. P 62 without requiring a bond).

---

³The E.D. Michigan  Bill of Costs Handbook states, "*The taxation clerk will tax costs even if the case is appealed, unless a stay pending appeal has been granted by the court.  However, if all parties prefer to postpone the taxation proceeding until the conclusion of all appellate proceedings, the taxation clerk shall be advised in writing.  Counsel will be responsible to advise the taxation clerk at the conclusion of all appellate proceedings that costs may be taxed.*" *Id.*, §I.

⁴The punitive aspect of UPS' actions is also evident in the fact that it originally sought over $18,000 in costs against Mr. MacDonald - the majority of which were  improper and specifically excluded as "taxable costs" by the Bill of Costs Handbook (and properly denied by the taxation clerk.)

No prejudice will result to UPS by postponing taxation proceedings in this matter.

WHEREFORE, Plaintiff respectfully requests an Order staying this matter without bond pending appeal and postponing any taxation proceedings until the conclusion of appellate proceedings.

    Respectfully submitted,

    **DEBORAH L. GORDON, PLC**
    Deborah L. Gordon (P27058)
    S/Carol A. Laughbaum (P41711)
    Attorneys for Plaintiff
    33 Bloomfield Hills Parkway, Ste. 275
    Bloomfield Hills, MI 48304
    (248) 258-2500
    dgordon@deborahgordonlaw.com
    claughbaum@deborahgordonlaw.com

DATED: January 13, 2010

## CERTIFICATE OF SERVICE

I hereby certify that on January 13, 2010, I electronically filed the foregoing document with the Clerk of the Court using the ECF system, which will send notification of such filing and service of said documents to all parties through their counsel of record.

    **DEBORAH L. GORDON, PLC**
    Deborah L. Gordon (P27058)
    S/Carol A. Laughbaum (P41711)
    Attorneys for Plaintiff
    33 Bloomfield Hills Parkway, Ste. 275
    Bloomfield Hills, MI 48304
    (248) 258-2500
    dgordon@deborahgordonlaw.com
    claughbaum@deborahgordonlaw.com